UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard Kemonou,

        Plaintiff,

v.

Eric Willette, *Director, Tax Research Division, Minnesota Department of Revenue - sued in his individual and official capacities*, Kent Treichel, *Assistant Director, Tax Research Division, Minnesota Department of Revenue - sued in his individual and official capacities*, Catherine Cardenuto, *State Program Administrator, Sales Tax, Tax Research Division, Minnesota Department of Revenue - sued in her individual and official capacities*, Curtis Walker, *State Program Administrator, Income Tax Division, Tax Research Division, Minnesota Department of Revenue - sued in his individual and official capacities*, Casseday Allyson, *State Program Administrator, Minnesota Department of Revenue - sued in her individual and official capacities*, Tam Jarvis, *Senior Research Analyst, Tax Research Division - sued in her individual and official capacities*, John Doe 1, *unidentified employees of the Minnesota Department of Revenue who participated in the unlawful conduct against Plaintiff - sued in their individual and official capacities*, John Doe 2, *unidentified employees of the Minnesota Department of Revenue who participated in the unlawful conduct against Plaintiff - sued in their individual and official capacities*, Andrew Durkot, *Research Analyst, Tax*

Civil No. 24-4029 (DWF/JFD)

**MEMORANDUM
OPINION AND ORDER**

*Research Division - sued in his individual and official capacities*, Jessi Evjen, *Research Director at the Council on Asian Pacific Minnesotans, former Research Analyst, Tax Research Division - sued in her individual and official capacities*, Chris Anning, *Senior Librarian, Tax Research Division - sued in her individual and official capacities*, Susan Montag, *Revenue Examiner 1, Minnesota Department of Revenue - sued in her individual and official capacities*, Phouthakannha Nantharath, *Research Analyst, Sales Tax Department, Tax Research Division, - sued in his individual and official capacities*, Skylor Boualaphanh, *Research Analyst, Tax Research Division - sued in his individual and official capacities*, Gyzelle Salgado, *Revenue Collection Officer 3, Minnesota Department of Revenue - sued in her individual and official capacities*, Susan Altier, *Customer Service Specialist Senior, Minnesota Department of Revenue - sued in her individual and official capacities*, John Doe 3, *Unidentified Capitol Police Officers who participated in the unlawful conduct against Plaintiff - sued in their individual and official capacities*, John Doe 4, *Unidentified Capitol Police Officers who participated in the unlawful conduct against Plaintiff - sued in their individual and official capacities*, Lisa Perna, *Employee of the Minnesota Department of Revenue - sued in her individual and official capacities*, Jane Doe 1, *Unidentified employee who works in the same department as Defendant Perna at the Minnesota Department of Revenue - sued in her individual and official capacities*, John Doe 5, *Unidentified caucasian male who works on the 4th floor of the Department*

2

*of Revenue Building - sued in his individual and official capacities*,

Defendants.

## INTRODUCTION

This matter is before the Court on Plaintiff Richard Kemonou's emergency motions for temporary restraining order ("TRO") and preliminary injunction. (Doc. Nos. 6, 10.) For the reasons stated below, the Court denies the motion for temporary restraining order and preliminary injunction. In addition, this matter is before the Court regarding communications with the Court. Lastly, the undersigned recuses from further consideration of this case.

## DISCUSSION

### I. Plaintiff's Motion for TRO or Preliminary Injunction

On October 25, 2024, Kemonou filed a complaint against several employees of the Minnesota Department of Revenue (the "Department," or collectively, "Defendants"). (Doc. No. 1.) His complaint raises various discrimination allegations against the Department and its employees. (*Id.* ¶ 7.) Kemonou also alleges that a Department employee has made death threats against him. (Doc. No. 17 at 2.) On October 29, 2024, Kemonou moved for a TRO or preliminary injunction. (Doc. No. 6.) After notice of his non-compliance with Local Rule 7.1, Kemonou again moved for a TRO or preliminary injunction on October 30, 2024. (Doc. No. 10.) He has not served Defendants and seeks a TRO on an ex parte basis. In his motion, Kemonou asks the Court to order the following: (1) Defendants must reinstate Plaintiff's employment and compensation;

3

(2) Defendants must restore Plaintiff's workplace access and privileges; (3) Defendants must not further retaliate against Plaintiff; and (4) Defendants must preserve all relevant evidence related to Plaintiff's claims. (Doc. No. 10 at 2.)

A TRO is an extraordinary remedy and the burden of proof is on the movant. *See Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). Under Federal Rule of Civil Procedure 65, a court may issue a TRO on an ex parte basis only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In deciding a motion for a TRO or a preliminary injunction, a court balances the following four factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).

Kemonou only makes a conclusory argument about his success on the merits, merely stating that he is "highly likely to prevail" on his claims given the "direct evidence." (Doc. No. 10-2 at 2.) Additionally, Kemonou focuses his argument about irreparable harm on past actions by Defendants and makes no argument about why a TRO is required to prevent immediate and irreparable injury. (*Id.*) Further, these alleged injuries could all be remedied with damages at a later stage. Kemonou alleges that various death threats have been made against him by a Department employee, but he has failed to connect those allegations to his requested relief. Lastly, Kemonou has not

4

included any information about his efforts to notify Defendants of his motion nor any information about why notice should not be required at this time.

In conclusion, Kemonou has not made the appropriate showing necessary for the Court to grant a TRO on an ex parte basis. Accordingly, the Court denies his motion for TRO or preliminary injunction. If Kemonou wishes to file another motion requesting injunctive relief, he is directed to comply with Local Rule 7.1 and notice requirements.

## II.     Communications with the Court

Plaintiff has made allegations against the chambers of the undersigned and/or possibly Clerk's Office staff. Based on those allegations, and absent further order of the Court from the newly assigned Judge, all contact from the Plaintiff shall be in writing.

## III.    Recusal

The above-entitled matter has been assigned to the undersigned, a Judge of the above Court. Pursuant to Title 28, United States Code § 455, the undersigned recuses himself from hearing this matter.

### ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Plaintiff's motions for TRO and preliminary injunction (Doc. Nos. [6], [10]) are **DENIED**.

2.     Absent further Order of the Court or Order from the newly assigned Judge:

      a.      Plaintiff shall not place any telephone calls or send any emails to the chambers of the undersigned or to the Clerk's Office.  All communication between the parties and the Court must be in writing.

      b.      Parties (or Plaintiff) who do not have access to CM/ECF may send written communication to chambers or the Clerk's Office via U.S. mail to 316 North Robert Street, Suite 348, St. Paul, Minnesota 55101.  All communications received by U.S. mail will be filed on CM/ECF.

      c.      Plaintiff has been granted electronic case filing privileges and has access to CM/ECF and may file written communication to chambers or the Clerk's Office via CM/ECF.  This order serves as standing permission for the parties to file letters via CM/ECF.  Plaintiff is instructed that all of his future communications with the Court and the Clerk's Office must be in writing until an order to the contrary is filed.

3.      Pursuant to this Court's Order for Assignment of Cases dated July 19, 2021, the above-captioned action shall be resubmitted to the Clerk of Court for reassignment.

**IT IS FURTHER ORDERED** that a copy of this Order shall be filed in the above-captioned case.

Dated:  November 1, 2024                   s/Donovan W. Frank
                                                     DONOVAN W. FRANK
                                                   United States District Judge