**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

RICHARD S. KEMONOU,

Plaintiff,

v.

MINNESOTA DEPARTMENT OF REVENUE,

Defendant.

Case No. 24-CV-4029 (JWB/JFD)

**ORDER**

---

This matter is before the Court on Defendant Minnesota Department of Revenue's (hereinafter "MnDOR") Motion for Sanctions and request for attorneys' fees and costs (Dkt Nos. 149, 171) made pursuant to Rule 37 of the Federal Rules of Civil Procedure. MnDOR requests that the Court (1) bar Plaintiff from presenting evidence of emotional distress damages; (2) find that Plaintiff fully mitigated his damages as of January 1, 2025; and (3) award attorneys' fees incurred with bringing the Motion to Compel and Motion for Sanctions. Plaintiff, Mr. Kemonou, filed a Response in Opposition to Defendant's Motion for Sanctions. (Dkt. No. 154.) The Court heard oral argument on the Motion on July 7, 2026. (Min. Entry, Dkt. No. 161.) MnDOR was represented by Minnesota Assistant Attorney General Janine Kimble, and Mr. Kemonou represented himself. (*Id.*)

## I. BACKGROUND

Mr. Kemonou filed this action against MnDOR on October 25, 2024. (Dkt. No. 1.) On November 7, 2025, MnDOR served its first set of written discovery on Mr. Kemonou. (MnDOR Mem. in Supp. 2, Dkt. No. 151.) Mr. Kemonou responded on December 4, 2025, producing documents and serving written responses. (*Id.*) MnDOR followed up by email on December 5, 2025, noting several deficiencies and asking for supplemental responses. (*Id.*) According to MnDOR, Mr. Kemonou responded the same day, providing more information, but this information did not cure the deficiency. (*Id.*)

On February 11, 2026, MnDOR sent a deficiency letter to Mr. Kemonou, outlining what MnDOR contended were numerous deficiencies that remained in his interrogatory responses and document production. (*Id.*) MnDOR asked Mr. Kemonou to supplement his responses and document productions including information related to damages. (*Id.*) Mr. Kemonou refused to do so, prompting a Motion to Compel from MnDOR, which the Court granted. (Min. Entry, Dkt. No. 146.) In its Order, the Court directed Mr. Kemonou to produce discovery responsive to multiple requests. (Apr. 7, 2026 Hr'g Tr. 20:6–11, Dkt. No. 148.) By July 23, 2026, MnDOR had come to the conclusion that Mr. Kemonou had not complied with that order in several respects and moved the Court for sanctions under Fed. R. Civ. P. 37. (Dkt. No. 149.) Because the parties have now submitted their respective motions for summary judgment and much of the relief sought in MnDOR's Sanctions Motion is more appropriately addressed by the District Judge before trial, the Court denies the motion without prejudice.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 37 authorizes courts to sanction parties who fail to comply with their discovery obligations or who disobey discovery orders. For those who violate a court's discovery order, Rule 37(b)(2) details a list of potential sanctions, such as the payment of "reasonable expenses, including attorney's fees, caused by the failure[.]" Fed. R. Civ. P. 37(b)(2)(C). The Court possesses inherent authority to impose sanctions for conduct that abuses the judicial process. *Harlan v. Lewis*, 982 F.2d 1255, 1259 (8th Cir. 1993). "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (cleaned up). District courts have broad discretion in choosing sanctions for discovery violations. *See Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 704 (8th Cir. 2018) (citing *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011)).

Although Mr. Kemonou is representing himself in this litigation, the Eighth Circuit has repeatedly explained that pro se litigants must comply with the Local Rules for the District of Minnesota, the Federal Rules of Civil Procedure, and this Court's Orders. *See*, e.g., *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) ("[P]ro se status did not entitle [the litigant] to disregard the Federal Rules of Civil Procedure[.]") (quoting *Carman v. Treat*, 7 F.3d 1379, 1381 (8th

Cir. 1993)); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").

## III. DISCUSSION

The Court denies the Motion for Sanctions for three main reasons. First, the parties have now briefed summary judgment and are scheduled to argue it before Judge Blackwell, the District Judge assigned to this case, in November of 2026. In reviewing the submitted briefing, the Court observes that MnDOR has been able to develop a strong case on the discovery it has received, regardless of Mr. Kemonou's compliance, or lack thereof, with the Court's discovery orders. The strength of MnDOR's summary judgment briefing shows the Court that continued litigation regarding discovery would be unhelpful at this time. Certainly, if Mr. Kemonou's claims survive summary judgment, there may be substantial grounds for the evidentiary sanctions MnDOR seeks, as Mr. Kemonou's vexatiousness in this litigation has been well-documented by this Court, as has his general resistance to following the rules governing civil litigation in this district and the Court's rulings.

Second, much of the relief MnDOR seeks—seeking certain instructions to the jury or limitations on the evidence which Mr. Kemonou may present at trial—is better sought from Judge Blackwell, in the form of pretrial motion practice, if the case proceeds to trial. As the Court said in the motion hearing on this matter, the Court will not make rulings regarding how another judge will manage a trial and declines to do so here, especially given the advanced procedural posture of this case.

Finally, the Court hesitates to award sanctions for failure to produce documents whose existence is in question. A party cannot be compelled to produce what it does not

have. *See, e.g., Edeh v. Equifax Info. Servs., LLC*, 291 F.R.D. 330, 337 (D. Minn. 2013) ("If Equifax does not have the documents in its possession, custody, or control, it cannot be compelled to produce them."); *see also Farmers Ins. Exch. v. West*, No. 11-CV-2297 (PAM/JJK), 2012 WL 12894845, at *5 ("Of course, the Court cannot order any party to produce something in discovery that does not, in fact, exist."). "The Court must accept, at face value, a party's representation that it has fully produced all materials that are discoverable." *Bombardier Recreational Prods., Inc., v. Arctic Cat, Inc.*, No. 12-CV-2706 (MJD/LIB), 2014 WL 5685463, at *7 (D. Minn. Sept. 24, 2014) (quotation omitted)).

The two main categories of documents that MnDOR claims Mr. Kemonou has failed to produce are treatment records from a provider in Benin and his 2025 tax return, (MnDOR Mem. in Supp. 1, Dkt. No. 151), both of which the Court has found to be discoverable. (Apr. 7, 2026 Hr'g Tr. 20:12–25, Dkt. No. 148.) However, Mr. Kemonou insists that the specific documents that MnDOR seeks do not exist. As to the treatment records, Mr. Kemonou says that "provider letters already sent to Defendant are the only provider documents known to Plaintiff. Plaintiff has no additional diagnosis records, prescription records, medication records, treatment plans, or psychiatric records in his possession, custody, or control." (Kemonou Mem. in Opp. 5, Dkt. No. 157.)

As to Mr. Kemonou's 2025 tax return, he says that he has been granted an extension by the IRS to file his taxes as late as October 15, 2026. (*Id.* at 4.) "Therefore, no filed 2025 federal tax return existed when Defendant demanded it or when Defendant filed its sanctions motion. Plaintiff further states that he has already provided all 2025 Form 1099s in his possession." (*Id.*) Mr. Kemonou must provide his 2025 tax return to MnDOR as soon

as it is filed, even though it may not be filed until after summary judgment has been fully briefed.

On the record before it, the Court cannot conclude that Mr. Kemonou ought to be sanctioned for failing to produce these categories of documents at this time. If Mr. Kemonou were to attempt to introduce any documents not produced in discovery on summary judgment or at trial that will be a situation best dealt with by the judge on the scene, namely Judge Blackwell. For the undersigned to speculate about what might happen in the future and then to issue a ruling that anticipates behavior that has not yet occurred is no help to the parties or to Judge Blackwell.

## IV. CONCLUSION

Accordingly, based on the foregoing and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Defendant's Motion for Sanctions (Dkt. No. 149) and Requests for Attorneys' Fees (Dkt. No. 171) are **DENIED without prejudice**.

Date: September 3, 2026

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge